# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: February 24, 2021

\* \* \* \* \* \* \* \* \* \* \* \* \*
JEREMY MORGAN,          \*
                       \*
    Petitioner,         \*      No. 19-1105V
                       \*      Special Master Sanders
v.                      \*
                       \*      Decision on Proffer; Damages; Influenza
SECRETARY OF HEALTH     \*      ("Flu") Vaccine; Guillain-Barré
AND HUMAN SERVICES,     \*      Syndrome ("GBS")
                       \*
    Respondent.        \*
\* \* \* \* \* \* \* \* \* \* \* \* \*

David J. Carney, Green & Schafle, LLC, Philadelphia, PA, for Petitioner.
Dhairya D. Jani, United States Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On July 30, 2019, Jeremy Morgan ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-10 to -34 (2012). Petitioner alleged that the influenza vaccine he received on November 2, 2018, caused him to develop Guillain-Barré Syndrome ("GBS"). Pet. at 1, ECF No. 1. Petitioner further alleged that he experienced the residual effects of his injury for more than six months. *Id.* at 8.

On May 26, 2020, Respondent filed a Rule 4(c) report, in which he stated that he would not contest entitlement in this matter. ECF No. 13. On June 15, 2020, the undersigned issued a Ruling on Entitlement consistent with Respondent's Rule 4(c) report. ECF No. 14.

On February 23, 2021, Respondent filed a Proffer on Award of Compensation ("Proffer"). ECF No. 26. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

---

[1] This Decision shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Decision. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

Pursuant to the terms stated in the Proffer, attached as Appendix A, the undersigned hereby awards Petitioner:

**A. A lump sum payment of $149,574.44, representing compensation for pain and suffering ($149,500.00), and past unreimbursable expenses ($74.44), in the form of a check payable to [P]etitioner.**

Proffer at 1–2.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

> s/Herbrina D. Sanders
> Herbrina D. Sanders
> Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
JEREMEY MORGAN,                          *
                                         *
           Petitioner,                   *
                                         *
v.                                       *    No. 19-1105V (ECF)
                                         *    SPECIAL MASTER
                                         *    HERBRINA D. SANDERS
SECRETARY OF HEALTH                      *
AND HUMAN SERVICES,                      *
                                         *
           Respondent.                   *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On July 30, 2019, Jeremey Morgan ("petitioner"), filed a petition for compensation under

the National Childhood Vaccine Injury Act of 1986, *as amended*, 42 U.S.C. § 300aa-1 et seq.

("Vaccine Act"). Petitioner alleges that he developed Guillain-Barré syndrome (GBS) as a result

of his administered influenza ("flu") vaccination on November 2, 2018. Petition ("Pet.") at 1.

On May 26, 2020, the Secretary of Health and Human Services ("respondent") filed a Vaccine

Rule 4(c) report recommending that compensation be awarded. ECF No. 13. Accordingly, on

June 15, 2020, the Special Master issued a Ruling on Entitlement finding petitioner entitled to

Vaccine Act compensation. ECF No. 14.

## I.    Items of Compensation

### A.    Pain and Suffering

Respondent proffers that petitioner should be awarded $149,500.00 in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

B.    Past Unreimbursable Expenses

Evidence supplied by petitioner documents that he incurred past unreimbursable expenses related to his vaccine-related injury.  Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $74.44.  *See* 42 U.S.C. § 300aa-15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.    Form of the Award

Petitioner is a competent adult.  Evidence of guardianship is not required in this case.  Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following[1]:  a lump sum payment of $149,574.44, in the form of a check payable to petitioner.

## III.    Summary of Recommended Payments Following Judgment

Lump sum payable to petitioner, Jeremey Morgan:                               **$149,574.44**

Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division

**_/s/ DHAIRYA D. JANI_**
DHAIRYA D. JANI
Trial Attorney
U.S. Department of Justice
Torts Branch, Civil Division
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel:  (202) 616-4356
Email:  Dhairya.Jani@usdoj.gov

Dated:  <u>February 23, 2021</u>